UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMELIA CAZARES,

        Plaintiff,

    v.

ORGANIC COTTON MART LLC,

        Defendant.

Case No. 25-cv-1213-bhl

---

**ORDER**

---

On August 13, 2025, Plaintiff Amelia Cazares filed a complaint against Defendant Organic Cotton Mart LLC, alleging that the defendant's website failed to comply with the Americans with Disabilities Act. (ECF No. 1.) Both parties have shown limited interest in moving the lawsuit to resolution. After three months passed without an appearance for the defendant, the Court entered a November 17, 2025 order, directing Plaintiff to file proof of service. (ECF No. 4.) Plaintiff responded by filing proof that service had been accomplished on September 30, 2025. (ECF No. 5.) Plaintiff then filed two motions asking the Court to extend the defendant's deadline to answer, both of which the Court granted. (ECF Nos. 6–9.) When the second extension passed without any action by the defendant, the Court gave Plaintiff until March 3, 2026 to file a status report or, alternatively, request the Clerk's entry of default. (ECF No. 10 at 2.) Plaintiff complied by reporting that Defendant had "ceased responding" to counsel's communications and asking for another thirty days to "allow Plaintiff to continue efforts to reach Defendant and move this matter toward resolution." (ECF No. 11 at 1.) The Court granted the request but directed Plaintiff to move the case forward by requesting the Clerk's entry of default and then moving for a default judgment if Defendant continued to be nonresponsive. (ECF No. 12 at 2.) On April 14, 2026, Plaintiff requested Clerk's entry of default (which the Clerk promptly entered). (ECF No. 14.) But the case continues to remain parked on the Court's docket with no sign of any effort to move it to resolution.

It has now been *over nine months* since this lawsuit initiated, and Plaintiff continues to show reluctance to prosecute her case. At this point, Defendant has shown no interest in defending against Plaintiff's allegations, and Plaintiff has shown limited interest in obtaining judgment on her claims. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (explaining the two-step process in a default proceeding). Despite the Court's most recent direction, Plaintiff has still not moved for a default judgment, even though more than a month has passed since the Clerk entered default. Accordingly, the Court will give Plaintiff one last chance to move the case forward. If Plaintiff does not file a motion for default judgment or take other steps to move the case forward within the next twenty-one days, her case will be dismissed under Civ. L. R. 41(b) for lack of prosecution.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **June 12, 2026**, Plaintiff must move for default judgment or take other steps to move the case forward. *See* Fed. R. Civ. P. 55(b); *see also VLM Food Trading Int'l, Inc.*, 811 F.3d at 255. Failure to comply will result in dismissal for failure to prosecute, pursuant to Civil Local Rule 41(b).

Dated at Milwaukee, Wisconsin on May 22, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge