AMELIA CAZARES,

        Plaintiff,

                                      Case No. 25-cv-1213-bhl

    v.

ORGANIC COTTON MART LLC,

        Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff Amelia Cazares, who is legally blind, alleges that Defendant Organic Cotton Mart LLC violated her rights under Title III of the Americans with Disabilities Act (ADA) by failing to maintain a website that is accessible to legally blind users. (ECF No. 1.) She further maintains that Organic Cotton Mart's failure to comply with Title III caused her emotional distress. (*Id.*) Cazares seeks a declaration that Organic Cotton Mart violated Title III, a permanent injunction compelling Organic Cotton Mart to bring its website into compliance with the ADA, and the opportunity to recover her costs and attorneys' fees.[1] (*Id.* at 20–21.) Organic Cotton Mart accepted service on September 30, 2025, but has never answered or otherwise appeared in the case. (*See* ECF No. 5.) On April 14, 2026, after significant prompting from the Court, Cazares requested the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 14.) The Clerk entered default the following day. Almost two months later, after the Court again prompted Cazares, she filed a motion for default judgment under Rule 55(b)(2). (ECF Nos. 15 & 16.) Because the defaulted facts establish Organic Cotton Mart's violation of the ADA, the Court will grant Cazares's motion for default judgment but will order only part of the relief she requests. Cazares is entitled to an injunction compelling Organic Cotton Mart to comply with the ADA, but

---

[1] The complaint also asserts a state law claim of negligent infliction of emotion distress, seeks class certification, and requests nominal, punitive, and compensatory damages, (ECF No. 1), but Cazares abandons these claims in her motion for default judgment, (ECF No. 16 at 8).

her requests for additional relief are inappropriate. The Court will limit its judgment to an injunction compelling Organic Cotton Mart to comply with the ADA within 180 days.

## FACTUAL BACKGROUND[2]

Cazares is a legally blind resident of Milwaukee County in Wisconsin. (ECF No. 1 ¶¶2, 18–19.) She uses a screen-reading software program, which vocalizes visual information, to navigate the internet. (*Id.* ¶23.) For the software to function, the website must be capable of being rendered into text. (*Id.* ¶24.) Organic Cotton Mart is a limited liability company that utilizes a public website, organiccottonmart.com, to provide consumers with access to various goods and services, such as bed sheets, blankets, towels, bags, and kitchen linens. (*Id.* ¶¶20–21.) Cazares attempted to purchase kitchen linens from Organic Cotton Mart's website but was unable to do so because the site is incompatible with her accessibility tools. (*Id.* ¶39.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). Cazares alleges that Organic Cotton Mart violated Title III by failing to develop and maintain its website to be accessible to legally blind individuals like herself. She seeks declaratory and injunctive relief, as well as the opportunity to recoup costs and attorneys' fees. Organic Cotton Mart has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against Organic Cotton Mart, however, it must examine whether the factual allegations in the complaint establish its

---

[2] These facts are derived from Cazares's complaint, (ECF No. 1), which the Court deems admitted due to Organic Cotton Mart's default, Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. §2688.1 (4th ed.); *see also GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

Cazares asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, Cazares must establish that (1) she is disabled under the ADA; (2) Organic Cotton Mart owns, leases, or operates a place of public accommodation; and (3) Organic Cotton Mart discriminated against her on the basis of her disability. *McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

Cazares alleges that she is legally blind. (ECF No. 1 ¶19.) This qualifies as a disability under the ADA. *See Tire Web*, 2024 WL 4144200, at *5; *see also McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3 (E.D. Wis. Mar. 19, 2024) (citing *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *14 (N.D. Ill. Nov. 15, 2023)). Cazares further alleges that Organic Cotton Mart owns, operates, and controls a public retail website, through which it sells goods and services. (ECF No. 1 ¶¶20–21.) The Seventh Circuit has confirmed that "a place of public accommodation" includes websites offering goods or services for sale. *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001); *see also* 42 U.S.C. §12181(7)(E) (including "sales . . . establishment" as a place of public accommodation under the ADA). Cazares also alleges that she attempted to purchase kitchen linens from Organic Cotton Mart's website but was unable to independently complete her purchase because the website was incompatible with the accessibility tools she utilizes to navigate the internet. (ECF No. 1 ¶39.) Taking her allegations as true, Cazares has established that Organic Cotton Mart discriminated against her on the basis of her disability by failing to make its website accessible to her. *See* 42 U.S.C. §12182(b)(2)(A)(ii)–(iii); *Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *4–5. Accordingly, Cazares's factual allegations, on which Organic Cotton Mart has defaulted, establish its liability under Title III.

For a remedy, Cazares asks that the Court: (1) enter an injunction directing Organic Cotton Mart to take specific steps to come into compliance with the ADA; (2) declare that Organic Cotton Mart's website violates Title III of the ADA; (3) "reserve jurisdiction" to determine reasonable

attorneys' fees and costs; and (4) "find no damages inquest is necessary" because she seeks only injunctive relief. (ECF No. 16 at 8.) The Court will grant only a portion of Cazares's requested relief.

To merit injunctive relief, Cazares must show four things: (1) she has suffered an irreparable injury; (2) traditional remedies at law are inadequate to compensate for her injury; (3) the balance of hardships between her and Organic Cotton Mart tip in her favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Cazares has suffered an irreparable injury because Organic Cotton Mart's website is inaccessible to her. *See Tire Web*, 2024 WL 4144200, at *6. She has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*, 703 F.3d at 1075). The balance of hardships weighs in Cazares's favor because, absent injunctive relief, she will be denied equal access to Organic Cotton Mart's products and services, while Organic Cotton Mart will only be required to expend some costs to bring its website into compliance with federal law. *See id.* at *7 (citing *Heid Music*, 2024 WL 1174352, at *7). And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities. *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Accordingly, the Court agrees that Cazares is entitled to injunctive relief. The Court is required to "tailor injunctive relief to the scope of the violation found." *e360 Insight.*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)). The facts alleged in Cazares's complaint demonstrate that Organic Cotton Mart has violated Title III of the ADA, and the Court will therefore enter an injunction requiring Organic Cotton Mart to bring its website into compliance with the ADA. If Organic Cotton Mart fails to comply with the injunction within 180 days, Cazares may bring suit to enforce it. *See Tire Web*, 2024 WL 4144200, at *7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at *5 n.4 (S.D. Ind. Jan. 22, 2021)).

Cazares remaining requests for relief will be denied. She asks the Court to declare that Organic Cotton Mart's "website violates Title III of the ADA." (ECF No. 16 at 8.) Cazares's briefing does not explain why she is entitled to declaratory relief, and this Court has concluded that declaratory relief is improper where, as here, the plaintiff seeks a declaration establishing past discrimination. *See McCabe v. Markwins Beauty Products Inc.*, No. 24-cv-1004-bhl, 2025 WL

1555372, at \*3 (E.D. Wis. June 2, 2025) (collecting cases). Cazares next requests that the Court "[r]eserve jurisdiction to determine" her attorneys' fees and costs. (ECF No. 16 at 8.) But Federal Rule of Civil Procedure 54(d) governs how to move for attorneys' fees and costs, and Cazares is free to utilize it as she sees fit. Last, Cazares's request concerning damages is unnecessary. As already explained, monetary damages are not available to private plaintiffs under Title III of the ADA, *see Heid Music*, 2024 WL 1174352, at \*5 (collecting cases), and Cazares acknowledges this, (ECF No. 16 ¶15). Accordingly, the Court will deny Cazares's remaining requests for relief.[3]

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Amelia Cazares's Motion for Default Judgment, ECF No. 16, is **GRANTED**. Her requested relief is **GRANTED in part** and **DENIED in part**. The Court will issue a permanent injunction ordering Organic Cotton Mart to bring its website into compliance with the ADA by separate order in compliance with *MillerCoors LLC v. Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d). All other requested relief is **DENIED**. The Clerk is directed to enter judgment in favor of Cazares.

Dated at Milwaukee, Wisconsin on July 16, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[3] This is not Cazares's first Title III ADA claim, nor is it the first time she sought default judgment for such a claim. On January 7, 2026—more than six months before Cazares filed her current motion—the Court granted her motion for default judgment against a different defendant with the same claim and similar underlying allegations. *See Cazares v. Acro Int'l Inc.*, No. 25-cv-0537-bhl, 2026 WL 45218 (E.D. Wis. Jan. 7, 2026). That order explained that declaratory judgment is inappropriate on these facts, the Court need not retain jurisdiction to determine attorneys' fees and costs, and monetary relief is unavailable for Title III ADA claims. *Id.* at \*1 n.1 & \* 3–4. Cazares's failure to update her motion or otherwise explain why the Court should change its ruling toes the line of Federal Rule of Civil Procedure 11's requirements.